Cochran *v.* Mississippi Hospital and Medical Service

No. 43778          February 7, 1966          182 So. 2d 597

*Stanford Young,* Waynesboro, for appellant.

*Hedgepeth, Price & Hedgepeth,* Jackson, for appellee.

ETHRIDGE, C. J.

Ervin Cochran, appellant, brought this suit in the Circuit Court of Wayne County against Mississippi Hospital and Medical Service (called Service), upon a hospital and medical service or insurance policy. Appellee is incorporated under a statute designating it as a "non-profit hospital, medical and surgical service corporation." Miss. Code Ann. § 5615-01 et seq. (1956). The question is whether a clause, excluding care for an injury provided for by a workman's compensation law, applies to an insured who was injured on his job. The compensation carrier paid the medical bills, but was later reimbursed out of a recovery by insured and carrier in a third-party suit against the negligent tort feasor. We hold that the exclusion clause applies, and affirm the judgment of the circuit court.

Cochran worked for Rex Drilling Company, and incurred personal injuries which required hospital and medical treatment. He filed a claim under the workman's compensation act against his employer, and obtained voluntary payment of all medical benefits under the act from the employer's workman's compensation insurance carrier.

Cochran brought in circuit court a third-party tort action against Dean Griner Butane Gas Company for his injuries resulting from this accident. Miss. Code Ann. § 6998-36 (1956). The compensation insurance carrier intervened as a subrogee of the medical payments

it made to Cochran under the compensation act. Upon settlement of the suit against the defendant, the insurance carrier obtained reimbursement from that defendant of the medical payments.

Cochran then filed this suit based upon the hospital and medical service policy written by Service for his wife and himself. The scheduled benefits in the policy, if applicable, aggregated $689.40.

The policy written by appellee stated:

B. NO BENEFITS WILL BE PROVIDED FOR: . . . 2. Care for any injury or illness provided for, or for which any award or settlement is received in any proceeding filed under a Workmen's Compensation or Employer's Liability Law; or in any case where the employer accepts liability.

The exclusion is applicable under the plain terms of the contract: (1) Care for the injury was "provided for" under a workman's compensation law; (2) an award or settlement was received under a workman's compensation law; and (3) the employer accepted liability under the workmen's compensation law.

Other decisions interpreting a similar provision reached this same conclusion. Wenthe v. Hospital Service of Iowa, 251 Iowa 765, 100 N. W. 2d 903 (1960); Moeller v. Associated Hospital Service, 304 N. Y. 73, 106 N. E. 2d 16 (1952); Cash v. American Health Insurance Corp., 203 Va. 719, 127 S. E. 2d 119 (1962).

In short, the provisions of the contract excluded this coverage. Cochran did not pay his own hospital and medical bills. Initial liability under the statute was the employer's, and the ultimate liability fell upon the wrongdoer responsible for his injuries. Adoption of Cochran's views would give him a windfall, by collecting his hospital and medical bill from the third-party wrongdoer for his employer, as required by the statute,

and again for himself from Service. See Annot., 81 A.L.R. 2d 927 (1962).

Affirmed.

*Gillespie, Rodgers, Jones and Robertson, JJ.,* concur.