**CARRACO OIL COMPANY, a corporation, Plaintiff in Error,**

v.

**MID–CONTINENT CASUALTY COMPANY, a corporation, Defendant in Error.**

**No. 42612.**

Supreme Court of Oklahoma.

April 20, 1971.

Carloss Wadlington, Ada, and Shoemake & Briggs, George Briggs, Pawhuska, for plaintiff in error.

Hudson, Wheaton & Brett, Tulsa, for defendant in error.

WILLIAMS, Justice.

Plaintiff in error, plaintiff below, brings this appeal from a judgment of the district court in an action wherein plaintiff sought to establish that a manufacturers' and contractors' liability insurance policy issued by defendant Mid-Continent Casualty Company included within its coverage a certain automobile accident, or, in the alternative, to reform the policy to provide coverage of the accident.

Plaintiff is a corporation engaged in the business of producing oil and gas in this State. Its principal office is in Ada, Oklahoma. Plaintiff owns no automobiles itself and its employees use their own vehicles when necessary to perform work at the various lease locations. On February 13, 1960, Thomas A. Britton, an employee of plaintiff and a brother of its president, W. R. Britton, was involved in an accident with another vehicle in Osage County. At the time of this accident, Thomas Britton, driving his own 1959 pickup truck, was acting within the scope of his employment. As a result of this accident, a woman passenger in the second vehicle was fatally injured and her husband was seriously injured.

Subsequently, the injured husband brought suit against both Thomas Britton and plaintiff to recover damages for his injuries and for the death of his wife.

Plaintiff gave notice of the suit to defendant Mid-Continent, which carried plaintiff's manufacturers' and contractors' liability insurance, but the latter denied the policy covered any possible liability of plaintiff arising from the automobile accident and refused to defend the suit. The suit resulted in a judgment for plaintiff husband in the total amount of $47,500.00 against both named defendants. We affirmed this judgment in Carraco Oil Co. v. Morhain, Okl., 380 P.2d 957 (1963), conditioned upon plaintiff filing remittitur in the amount of $475.00. Plaintiff husband did file remittitur.

Thereafter, plaintiff herein instituted this suit in the trial court, setting forth in its petition the facts of the accident, the refusal of its insurance carrier (defendant) to defend the ensuing law suit, the judgment entered against it and Thomas Britton and the payment on the judgment by Britton's automobile liability carrier of the policy limit amount, $20,000.00. As noted earlier, plaintiff sought judgment determining the accident was within the insurance coverage provided by the terms of its policy issued by defendant, or, in the alternative, if coverage were not provided by the policy as written, plaintiff requested judgment reforming the policy to provide coverage. In either event, plaintiff requested defendant be held liable for the amount of the judgment against plaintiff, less the amount paid by Britton's insurance carrier, and for the amount plaintiff expended for attorney fees to defend the suit.

At the conclusion of trial, the court held the accident was not within the coverage provided by the policy issued by defendant and the evidence did not warrant reformation of the insurance policy.

The policy in question herein was issued February 18, 1959, and was in force and effect on the day of the described automobile accident. This policy was a renewal of a policy issued in 1958 when plaintiff first began active operations. Both policies were purchased by plaintiff, through its president W. R. Britton, from an M. M.

Norvill, who represented defendant in Ada, Oklahoma.

The provision of the insurance policy requiring the description of the location of all premises owned, rented or controlled by the insured was not completed when issued in 1959. However, an attached schedule provides:

"1. Premises—Operations

Oil Lease Operators—all operations N.O.C. [not otherwise classified]. Erecting or dismantling of derricks, drilling, installation or recovery of casing, well shooting, cementing, tank building, topping operations or gasoline recovery to be separately rated Clerical Office Employees N.O.C."

By its terms, the policy agrees that defendant shall pay all sums for which plaintiff becomes legally obligated to pay because of bodily injury or property damage caused by accident and arising out of the defined hazards. In the "Definition of Hazards", the policy states:

"Division 1—Premises—Operations: The ownership, maintenance or use of premises, and all operations."

In its section pertaining to "Exclusions", the policy provides:

"This policy does not apply:

(a) under division 1 of the definition of Hazards, and under coverage C, to the ownership, maintenance, operation, use, loading or unloading of (1) watercraft if the accident occurs away from premises owned by, rented to or controlled by the named insured, except insofar as this part of this exclusion is stated in the declarations to be inapplicable, (2) automobiles if the accident occurs away from such premises or the ways immediately adjoining, or (3) aircraft."

A policy of insurance should be construed as every other contract, that is, where not ambiguous, according to its terms. C.P.A. Co. v. Jones, Okl., 263 P.2d 731 (1953). From the above quoted language of the insurance policy, it appears the provisions clearly exclude liability cov-

erage arising from automobile accidents occurring away from premises owned, rented or controlled by plaintiff, or ways immediately adjoining such premises. The accident herein occurred on State Highway No. 20 in Osage County.

However, plaintiff, citing Southwestern Indemnity Co. v. National Surety Corp., 277 F.2d 545 (5th Cir. 1960), contends the term "control" should include that part of a public highway upon which plaintiff's employee was traveling to his work location. The cited case involved an insured who was under contract with the Texas Highway Department to perform road construction. While performing this construction, the insured was, by contract, in the charge and care of the highway work. From these facts, the Court of Appeals found the insured to be in control of the premises under a policy provision similar to the case at bar.

Further, plaintiff contends the failure of the policy to describe the location of the insured premises requires a liberal construction of what constitutes such premises. The exclusion clause relative to automobiles does specifically describe the premises covered. Plaintiff's are distinguishable.

The policy involved in American Fidelity & Cas. Co. v. Traders & Gen. Ins. Co., 160 Tex. 554, 334 S.W.2d 772 (1959), did describe the premises covered but the accident concerned with did not occur on any of these premises. After reciting the facts, the Court found the premises on which the accident occurred and on which the insured was conducting drilling operations, were under the control of insured and within the provisions of the policy.

It is our opinion the public highway upon which the accident occurred herein was not under the control of plaintiff and the policy as issued did not include within its coverage the assumption of liability for damages resulting from the accident.

As noted above, plaintiff contends, in the alternative, that if the policy as written does not include liability coverage of the accident, then it should be reformed to include this coverage.

At trial, W. R. Britton testified that when he first spoke to Norvill concerning the purchase of the initial policy (the policy in force and effect at the time of the accident was a renewal of the initial policy), he showed Norvill several policies he had previously purchased covering other operations with which he was involved individually and asked Norvill to provide the same type of coverage for plaintiff. Although these policies were not introduced at trial, submitted evidence relative to them tended to establish these policies were similar to the policy with which we are involved and contained a similar exclusion clause relative to automobiles. Britton further testified he informed Norvill plaintiff owned no automobiles, but stated to Norvill the desire for coverage of employees' vehicles when used in the scope of their employment.

Norvill testified Britton did request coverage for plaintiff similar to the coverage of policies Britton had purchased (from other insurance companies) on other operations. He also stated the policy issued did conform to such other policies and Britton did not request at any time an automobile liability policy covering employees driving their own vehicles away from the leased premises.

On cross-examination, in answer to the question of whether Britton had ever requested insurance coverage of the employees traveling from lease to lease, Norvill stated:

"To my knowledge he did not. But I couldn't really tell you whether or not; I don't know."

■■ To justify reformation of a written contract, the proof must be full, clear and unequivocal and sufficiently convincing to establish the facts to a moral certainty. Haggard v. Calhoun, Okl., 294 P. 2d 836 (1956). The trial court found the evidence submitted to be insufficient to require reformation of the policy. In reviewing the trial court's judgment in an

action of equitable cognizance, this Court will examine and weigh all of the evidence and will not reverse the trial court unless its judgment is clearly against the weight thereof. Kethley v. Finn, Okl., 465 P.2d 752 (1970). In our opinion, the judgment herein of the trial court is not clearly against the weight of the evidence submitted.

Judgment affirmed.

All the Justices concur.