[No. 1854-3. Division Three. July 14, 1977.]

JAMES PATRICK MILLIRON, *Appellant,* v. UNITED
BENEFIT LIFE INSURANCE CO.,
*Respondent.*

*Michael J. Cronin* and *Winston, Cashatt, Repsold,
McNichols, Connelly & Driscoll,* for appellant.

*Richard E. Hayes* and *MacGillivray, Jones, Clarke,
Schiffner & Johnson,* for respondent.

GREEN, J.—One question is presented:

Does a clause in a group medical policy issued by the defendant, United Benefit Life Insurance Company, excluding coverage where an insured "has received or is entitled to receive" workmen's compensation operate to bar plaintiff's claim for medical expenses?

The trial court said "yes" and dismissed the action. We affirm.

This question must be considered in light of the following stipulated facts:

I.

The plaintiff was severely injured in a truck collision in the early morning hours of July 1, 1971. At the time of the collision which occurred on Highway SR 90 in Adams County, Washington, the plaintiff was returning to Spokane and was driving a truck belonging to his employer, Silicone & Industrial Coatings, Inc., of Spokane, Washington. The collision occurred when a truck driven by one Kenneth Ayers, who was traveling in the opposite direction from the plaintiff crossed over the center line of the highway striking the plaintiff's vehicle. Ayers, who was a Montana resident, was killed in the collision.

II.

The plaintiff was engaged in the course of his employment at the time of the collision and was covered under the provisions of the Workmen's Compensation Act of the State of Washington. As the plaintiff's injuries were caused by a third party, not in the same employ with the plaintiff, the plaintiff had the right under the provisions of RCW 51.24.010[1] to elect to sue the third party who

---

[1]RCW 51.24.010:

"If the injury to a workman is due to negligence or wrong of another not in the same employ, the injured workman . . . shall elect whether to take under this title or seek a remedy against such other, such election to be in advance of any suit under this section and, if he takes under this title, the cause of action against such other shall be assigned to the department . . . if the other choice is made, the department . . . shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected and the compensation provided or estimated by this title for such case: *Provided,* That the injured workman . . . shall receive benefits payable under this title as if such election had

caused his injuries, and at the same time, receive benefits from the Workmen's Compensation Fund during the period of time such third party claim was being processed. Such an election was made by the plaintiff and Civil Action No. 3584 was duly commenced by him in the United States District Court for the Eastern District of Washington. In that action, plaintiff made claim for general and special damages. . . . That case was ultimately settled and plaintiff received a lump sum settlement of $170,000.00.

## III.

During the period of time that the plaintiff's civil suit was pending, he received payments from the Department of Labor and Industries by way of monthly time loss compensation and the Department paid his medical bills directly to the doctor and hospitals caring for the plaintiff. By its order dated January 31, 1975 the Department determined that its lien against the plaintiff's third party suit recovery amounted to $31,514.20 (corrected from $31,719.20), net after attorney's fees and expenses, and that said sum should be paid to the Department. . . . That sum was paid to the Department by the plaintiff on March 10, 1975.

## IV.

At the time of his July 1, 1971 accident, the plaintiff and his family dependents were covered, to the extent provided therein, by a group medical insurance policy which had been issued to the plaintiff's employer by the defendant. A certificate of that insurance containing the group policy provisions had been delivered to the plaintiff prior to his accident. Plaintiff paid all premiums for said insurance. . . . That certificate contains in the last paragraph thereof, entitled "Exclusions and Limitations", workman's [sic] compensation exclusionary language reading as follows:

"The provisions of this policy relating to benefits, other than life insurance benefits, do not cover: (a) any injury or sickness for which the person on whom claim is presented has received or is entitled to receive compensation for that particular injury or sickness under

not been made, and the department . . . to the extent of such payments having been made by the department . . . to the injured workman . . . shall be subrogated to the rights of such person or persons against the recovery had from such third party and shall have a lien thereupon.

any Workman's [*sic*] Compensation or occupational disease law."

Following his July 1, 1971, accident, the plaintiff made application to the defendant for payment of his medical bills. That application was ultimately denied by the defendant based on the aforementioned Workman's [*sic*] Compensation exclusionary clause in the policy.

Plaintiff thereafter instituted this action seeking a declaratory judgment of his rights under the policy. The trial court concluded:

CONCLUSIONS OF LAW

I.

Plaintiff did receive and was entitled to receive compensation, including medical expenses paid on his behalf, from the State of Washington Department of Labor & Industries.

II.

The exclusionary clause . . . is operative and effectively bars any recovery by the plaintiff in this action against the defendant insurer and defendant is entitled to a judgment of this court so declaring, and dismissing the plaintiff's complaint with prejudice.

Plaintiff assigns error to these conclusions, contending that he did not receive nor was he entitled to receive compensation because of his election to sue the third party, reimbursement of the medical expenses advanced by the Department of Labor and Industries, and lack of a deficiency in this third-party recovery. Accordingly, he argues that the exclusionary clause does not preclude a recovery of his medical expenses under the policy. We disagree.

■ We are mindful of the rule that exclusionary clauses in insurance policies must be strictly construed in favor of the insured. *Aetna Ins. Co. v. Kent,* 85 Wn.2d 942, 540 P.2d 1383 (1975). We also recognize that ambiguous language in an insurance contract must also be construed in favor of the insured. *Washington Restaurant Corp. v. General Ins. Co. of America,* 64 Wn.2d 150, 390 P.2d 970 (1964). However, these rules of construction cannot be applied by the court to rewrite the contract or override the apparent intention of the parties where the language is clear and unambiguous.

*Farmers Ins. Co. v. Miller,* 87 Wn.2d 70, 549 P.2d 9 (1976); *United Pac. Ins. Co. v. McCarthy,* 15 Wn. App. 70, 546 P.2d 1226 (1976). We find no ambiguity in the exclusionary clause of the policy in light of the facts of the instant case.[2] *See Keffer v. Prudential Ins. Co. of America,* 153 W. Va. 813, 172 S.E.2d 714 (1970); *Walker v. Louisiana Hosp. Serv. Inc.,* 224 So. 2d 494 (La. Ct. App. 1969).

Here, the policy excludes coverage for injuries suffered by the insured if he received or was entitled to receive workmen's compensation benefits for that injury. It is apparent that the intention and purpose of such a clause is to provide payment for medical expenses where the workman is not covered under workmen's compensation, thereby avoiding overlapping insurance coverage and double recovery. Whether plaintiff received or was entitled to receive workmen's compensation for his injury depends on the statute providing benefits where recovery from a third party is sought.

■ Here, it is clear that plaintiff was a covered employee under RCW 51.24.010 and entitled to compensation benefits. In fact, hospital and doctor bills were paid on his behalf by the Department of Labor and Industries pending outcome of the third–party action. These expenses were paid under the statute "as if such election had not been made," subject to a statutory condition that the Department "shall be subrogated to the rights" of the plaintiff "against the recovery had from such third party

---

[2]Defendant relies on *Carroll v. Union Labor Life Ins. Co.,* 65 Wn.2d 513, 517, 398 P.2d 164 (1965), but we find it is not controlling. In *Carroll,* the court merely buttressed its conclusion that the exclusionary clause was not operative by the statement, "if there may be some doubt about this, we point out that . . . the words *entitled to benefits* are at least ambiguous; . . ." In the context of the facts in *Carroll,* the contract language excluding coverage where the insured was entitled to workmen's compensation benefits was ambiguous because the plaintiff was not, at the time of the injury, automatically covered for that injury under the statute. He could have qualified for benefits if he had previously signed up and paid self–employment premiums. This he had not done. Here, plaintiff was qualified at the time of his injury and did receive benefits under the statute.

and shall have a lien thereupon." Further, under the statute, the election to sue the third party does not work to deny workmen's compensation benefits because if the third–party recovery is less than the amount of compensation provided in RCW 51.24, "the department . . . *shall* contribute . . . the deficiency." (Italics ours.) Consequently, even if an injured workman fails to recover in a third–party action, he is still entitled to receive compensation benefits. If the injured workman elects not to seek a remedy against the third party, he receives workmen's compensation benefits but his cause of action must be assigned to the department. Thus, this statute contemplates that the injured workman be fully compensated for his loss to the extent provided in RCW 51.24. In summary, if the injured workman does not prevail in his third–party action, he does not lose his right to compensation for his loss under the statute; and if he prevails, the department is still liable for any deficiency. Thus, the workman's "election" to seek redress from a third party is not a true "election of remedies" because it does not preclude entitlement to compensation from the department. Therefore, it is clear that under the statute, since plaintiff was a qualified employee, he is entitled to receive workmen's compensation for his injury. Reimbursement of the compensation paid by the department from the third–party recovery does not change that fact because it was required by the statute. The exclusionary clause applies.

Our conclusion is supported by the majority of cases from other jurisdictions involving similar facts and exclusionary language. Those decisions have given effect to exclusionary clauses denying insurance coverage where workmen's compensation has paid hospital and medical bills, even though the insured injured workman has recovered in a third–party action and reimbursed the workmen's compensation carrier. 10 R. Anderson, *Couch Cyclopedia of Insurance Law* § 41.865, at 668 (2d ed. 1962); Annot., 40 A.L.R.3d 1012, § 7, at 1027 (1970); *Wise v. American Cas. Co.,* 117 Ga. App. 575, 161 S.E.2d 393 (1968); *Cochran v.*

*Mississippi Hosp. & Medical Serv.*, 254 Miss. 739, 182 So. 2d 597 (1966); *Cash v. American Health Ins. Corp.*, 203 Va. 719, 127 S.E.2d 119 (1962); *Moeller v. Associated Hosp. Serv.*, 304 N.Y. 73, 106 N.E.2d 16 (1952). We believe the reasoning in these cases is sound and should be applied in giving effect to the exclusionary clause in the instant case. *But see Antram v. Stuyvesant Life Ins. Co.*, 291 Ala. 716, 287 So. 2d 837 (1973); *Burkett v. Continental Cas. Co.*, 271 Cal. App. 2d 360, 76 Cal. Rptr. 476 (1969). The language in *Moeller v. Associated Hosp. Serv., supra* at 75, is particularly appropriate:

> Plaintiff never lost the protection of the statute with respect to hospital expenses; he did not even have to "elect whether to take compensation and medical benefits * * * or to pursue his [third–party] remedy" . . .
>
> If he did not prevail in the third–party action, he nevertheless retained the benefits of the hospital expenses furnished by the employer's insurance carrier; if he did prevail, he likewise retained these benefits, but the third–party wrongdoer, *not plaintiff*, had to reimburse the [industrial insurance] carrier. While plaintiff was entitled to sue for these expenses, it was on behalf of the carrier, and the law gave the carrier a lien therefor . . . He could never recover these medical expenses for himself; they belonged under the statute to the carrier. How then can it be said that he paid them?

Although plaintiff's lump–sum settlement with the third party was not segregated as to general and special damages, it necessarily includes hospital, medical, and special expenses since the plaintiff claimed special damages in the third–party action. *See Moeller v. Associated Hosp. Serv., supra.*

We find that the exclusionary clause is effective and clearly bars recovery by plaintiff under the policy. The trial court properly dismissed the complaint with prejudice.

Affirmed.

MUNSON, C.J., and McINTURFF, J., concur.