BLANCHE, Justice
(dissenting).
Only one issue is presented by this case: Does the General Limitations Clause operate to bar the plaintiff’s claim for benefits under the Pan Am Policy?
*598 The General Limitations Clause states that:
“Unless otherwise specified in the policy no benefits shall be payable for or on account of: (1) any bodily injury or sickness for which the person on whom the claim is presented has or had a right to compensation (emphasis added) under any Workmen’s Compensation or occupational disease law ...”
Before determining the meaning of the clause, it must first be decided whether the parties intended that clause to apply when the policy was issued. Pinell argues that the General Limitations Clause does not apply given the introductory phrase “unless otherwise specified in the policy.” The argument made is that since the Schedule of Benefits calls for the “integration of benefits with Workmen’s Compensation” while the General Limitations Clause calls for the absolute denial of benefits when Workmen’s Compensation is available, the latter does not apply given the introductory phrase of the General Limitations Clause. That argument lacks merit. The terms and provisions of a policy must be construed together in order to ascertain the true intent of the parties. Benton Casing Service, Inc. v. Avemco Ins. Co., 379 So.2d 225 (La.1979), and Martin v. Phillips, 356 So.2d 1016 (La.App. 1st Cir.1977). Exclusionary provisions must be read within the context of the entire policy. West v. City of Ville Platte, 237 So.2d 730 (La.App. 3rd Cir.1970). Given the integration of benefits provision, the obvious intention of the parties in writing this policy was to assure a minimum amount of protection to Patterson’s employees in the event of an accident. The means used to achieve that goal was to use the Pan Am policy as a supplement to worker’s compensation benefits. Therefore, the introductory clause operates as a partial bar to benefits and not an absolute bar.
Having determined that the General Limitations Clause is applicable, the impact of the reimbursement upon the availability of benefits must now be evaluated. The fact that the worker’s compensation carrier was reimbursed out of Pinell’s tort recovery does not change the fact that the plaintiff “had a right to compensation.” Walker v. Louisiana Hospital Services, Inc., 224 So.2d 494 (La.App. 1st Cir.1969). It must be noted that the clause operates as an exclusion when one “had a right to compensation” as opposed to when one “received compensation.” For this reason the majority fell into error in concluding that Pinell was entitled to benefits since the reimbursement negated the compensation received and would preclude the entitlement to compensation in the future.
The purpose of the General Limitation Clause was to avoid the double recovery that results from the majority opinion. Milliron v. United Benefit Life Ins. Co., 18 Wash.App. 68, 566 P.2d 582 (1977), Moeller v. Associated Hospital Service, 304 N.Y. 73, 106 N.E.2d 16 (1952), and Annot., 40 A.L.R.3d 1012, 1027 (1971).
I respectfully dissent.