Mose Garlin STARRETT and Viola Star-
rett, individually and as husband
and wife, Appellees,

v.

OKLAHOMA FARMERS UNION MUTU-
AL INSURANCE COMPANY, an Okla-
homa corporation, Appellant.

No. 74101.

Supreme Court of Oklahoma.

March 30, 1993.

Bruce V. Winston, Kenneth A. Brokaw,
Stewart & Elder, Oklahoma City, for appel-
lant.

Thomas J. Steece, Simank & Steece,
Oklahoma City, for appellees.

SIMMS, Justice.

Defendant, Oklahoma Farmers Union
Mutual Insurance Company (Insurer), ap-
peals from the district court's summary
judgment granted in favor of the plaintiffs,
Mose Garlin Starrett and Viola Starrett.

The Court of Appeals affirmed the trial court's judgment.

Certiorari was granted to consider the first impression question of whether an insured under an automobile liability insurance policy may recover medical expenses both from the carrier of the automobile insurance and from the insured's employer under a workers' compensation claim when the insurance policy of the former expressly excludes medical expenses coverage where the expenses have been paid under workers' compensation law.

We find that the exclusion does not violate Oklahoma statutes or public policy and is enforceable in this case. The opinion of the Court of Appeals is vacated, and the judgment of the district court is reversed.

Insurer issued an automobile insurance policy to the Starretts which provided for Insurer to pay for all reasonable medical expenses incurred within one year from the date of an automobile accident. The policy further provided:

"**Exclusions:** This policy does not apply under Part II:

(g) to that amount of any expense for medical services which is paid or payable to or for the injured person under any workmen's compensation or disability benefits law, or any similar law."

Mr. Starrett sustained injuries when the automobile he was driving was forced off the road by an unidentified person. At the time of the accident, Mr. Starrett was in the course and scope of his employment and was occupying an automobile owned or leased by his employer. Mr. Starrett filed a workers' compensation claim against his employer and entered into a Joint Petition settlement on that claim. Furthermore, *all of his medical expenses* were paid by his employer pursuant to the Workers' Compensation Act.

Because the alleged tortfeasor in the accident was unidentified, the Starretts made claim under their automobile insurance policy for uninsured motorist benefits as well as medical expenses. Insurer settled with the Starretts on the uninsured motorist claim but refused to pay for medical ex-

penses on the grounds that they were excluded under the quoted policy provision. The Starretts then brought an action for the medical expenses and for Insurer's alleged bad faith refusal to pay. There being no substantial controversy as to any material fact, both parties filed motions for summary judgment, and the trial court ruled in the Starretts' favor.

Although this Court has never addressed the precise question before us, some Oklahoma decisional law exists which is instructive. In *Wilson v. Prudential Ins. Co. of Am.,* 528 P.2d 1135 (Okla.Ct.App.1974) (*Wilson I*), the plaintiff was covered by a group policy of insurance issued by the defendant insurance company which provided hospitalization and medical benefits. The plaintiff was injured while in the scope and course of her employment and was denied workers' compensation benefits on the grounds that plaintiff's type of work was not covered by the Workmen's Compensation Act. When she requested reimbursement for medical expenses under the group insurance policy, the defendant insurance company denied her claim based upon the following provision in the policy which excludes:

"Charges incurred in connection with (a) injury arising out of, or in the course of, any employment for wage or profit *or* (b) disease covered, with respect to such employment, by any workmen's compensation law, occupational disease law or similar legislation." 528 P.2d at 1137. (Emphasis in original).

The plaintiff brought suit against the insurer, and the trial court sustained the defendant's demurrer. The Court of Appeals held that the exclusion was enforceable to exclude medical expense payments because the medical expense charges were incurred in connection with an injury arising out of plaintiff's employment. The provision concerning disease covered by workers' compensation law did not apply in that case.

In a case coincidentally bearing the same name, this Court gave precedential value to the portion of the *Wilson I* opinion relating to the exclusion provision. *Wilson v. Pru-*

*dential Ins. Co. of Am.,* 645 P.2d 521 (Okla.1982) (*Wilson II*). *Wilson II* involved a plaintiff who was not covered by workers' compensation but was covered as a dependent by her husband's group health insurance which contained the same exclusion as the Prudential policy in *Wilson I.* The plaintiff was injured in the course of her employment and made claim upon her husband's health insurance policy. Prudential denied the claim on the basis of the exclusion provision, and the plaintiff filed an action against the insurance company. The district court sustained the insurer's demurrer. On appeal, this Court affirmed the district court's judgment and approved the Court of Appeals' treatment of the issue in *Wilson I.*

▇ Thus, the parties to a health insurance policy may contract to exclude coverage or reimbursement of medical expenses incurred as a result of an injury arising out of or in the course of employment or as the result of a disease which is covered by the Workers' Compensation Act to the extent the Workers' Compensation Act reimbursed plaintiff for his medical expenses.

▇ Insurer argues that this rule of law should apply to exclusion provisions in automobile liability insurance policies as well. The Starretts assert that other decisions by this Court hold otherwise. They point to *Chambers v. Walker,* 653 P.2d 931 (Okla.1982), in which this Court determined that an *uninsured motorist coverage provision* allowing a reduction or set-off of amounts paid or payable under workers' compensation law was void because it was in derogation of the legislative purpose underlying the uninsured motorist statute, 36 O.S.1981, § 3636. If given effect, the provision would violate § 3636 by reducing "the amount of coverage available under the uninsured motorist provisions to less than the amount required by statute." 653 P.2d at 935.

Our holding in *Chambers* was grounded upon the legislative purpose of § 3636 and statutory mandate therein for all automobile liability insurance carriers to offer uninsured motorist coverage. No such mandate exists for medical payment provi-

sions. *Frank v. Allstate Ins. Co.,* 727 P.2d 577, 580 (Okla.1986). In *Frank,* the insured wished to stack the med-pay provisions from automobile liability insurance policies on two automobiles under the same theory that allows uninsured motorist coverage to be stacked. *See Keel v. MFA Ins. Co.,* 553 P.2d 153 (Okla.1976). In concluding that med-pay coverage may not be stacked, the majority of the Court stated:

> *"There exist no statutory or other public-policy requirements which would provide a basis for either invalidating or modifying the medical payment provisions of the insurance policy here in contest.* The matter must simply rest on contract between the insurer and its insured." 727 P.2d at 580 (Emphasis in original).

Thus, Oklahoma law recognizes compelling public policy considerations for uninsured motorist coverage provisions which do not exist for med-pay provisions.

The decision in *Chambers* was also based upon our construction of 36 O.S.1971, § 6092 in *Aetna Casualty & Sur. Co. v. State Bd. for Property & Casualty Rates,* 637 P.2d 1251 (Okla.1981), in which we struck down as ambiguous a provision in an automobile liability policy which reserved the right of subrogation for medical payments. Section 6092 provides, in pertinent part:

> "No provision in an automobile liability policy or endorsement for such coverage effective in this state issued by an insurer on and after the effective date of this act which grants the insurer the right of subrogation for payment of benefits under the expenses for the medical services coverage portion of the policy, to a named insured under the policy, or to any relative of the named insured who is a member of the named insured's household shall be valid and enforceable ..."

In interpreting § 6092, we found the intent of the legislature was to prohibit an insurance carrier from creating a right of subrogation or set-off for medical payments made by the insurer to its insured. Noting that the statute did not prohibit

insurance policies from containing an excessive insurance clause, the Court held:

"[M]edical payment provisions allowing subrogation and set-off as to the named insured or resident relative in *any* automobile liability policy ... are ambiguous and deceptive in that they purport to offer coverage for medical expenses when in fact such coverage is reduced or eliminated by conditions in the policies." 637 P.2d at 1257 (Emphasis in original).

Conversely, the policy in the case at bar does not purport to offer coverage and then reduce the amount of coverage under certain conditions. Section 6092 does not apply in this case. The provision does not reserve the insurer's *right to subrogation or set-off* for medical payments made to the insured under the policy. Rather, it is a contractual *exclusion* of coverage to the extent the insured is reimbursed by Compensation.

■ As with any contract, an insurance policy should be construed according to its terms unless it is deemed ambiguous. *Frank*, supra; *Carraco Oil Co. v. Mid–Continent Casualty Co.*, 484 P.2d 519, 521 (Okla.1971). The policy provision at issue is not ambiguous. In construing it according to its plain terms, we hold that the exclusion provision operates to exclude coverage on that amount of medical expenses which the insured has received or may receive payment for under workers' compensation law.[1]

The opinion of the Court of Appeals is **VACATED**, the judgment of the district court is **REVERSED** and this case is RE-MANDED with directions to enter summary judgment for defendant/appellant.

HODGES, C.J., LAVENDER, V.C.J., HARGRAVE, OPALA, KAUGER, SUMMERS and WATT, JJ., concur.

ALMA WILSON, J., concurs in result.

1. Our decision finds support in the majority of jurisdictions. *See, for instance, Phillips v. Prudential Ins. Co. of Am.*, 285 Ala. 472, 233 So.2d 480 (1970); *Atkins v. Pilot Life Ins. Co.*, 4 Ark. App. 257, 630 S.W.2d 50 (1982); *Bailey v. Interinsurance Exchange of Auto. Club of S. Cal.*, 49 Cal.App.3d 399, 122 Cal.Rptr. 508 (1975); *Wise v. American Casualty Co. of Reading, Pa.*, 117 Ga.App. 575, 161 S.E.2d 393 (1968); *Roop v. Farmers Auto. Management Corp.*, 15 Ill.App.2d 125, 145 N.E.2d 384 (1957); *Wenthe v. Hospital Serv., Inc. of Iowa*, 251 Iowa 765, 100 N.W.2d 903 (1960); *St. Francis Hosp. & School of Nursing, Inc. v. Eckman*, 212 Kan. 131, 510 P.2d 175 (1973); *Bonney v. Citizens' Mut. Auto. Ins. Co.*, 333 Mich. 435, 53 N.W.2d 321 (1952); *Berken v.*

*Beneficial Standard Life Insurance Company*, 300 Minn. 281, 221 N.W.2d 122 (1974); *Cochran v. Mississippi Hosp. & Medical Serv.*, 254 Miss. 739, 182 So.2d 597 (1966); *Moeller v. Associated Hosp. Serv. of Capital Dist.*, 304 N.Y. 73, 106 N.E.2d 16 (1952); *Duriak v. Globe Am. Casualty Co.*, 28 Ohio St.3d 70, 502 N.E.2d 620 (1986); *South Dakota Medical Serv., Inc. v. Minnesota Mut. Fire & Casualty Co.*, 303 N.W.2d 358 (S.D. 1980); *State Farm Mut. Auto Ins. Co. v. Rice*, 205 Tenn. 344, 326 S.W.2d 490 (1959); *Williams v. Employers Mut. Casualty Co.*, 368 S.W.2d 122 (Tex.Civ.App.1963); *Cash v. American Health Ins. Co.*, 203 Va. 719, 127 S.E.2d 119 (1962); and *Milliron v. United Benefit Life Ins. Co.*, 18 Wash. App. 68, 566 P.2d 582 (1977).