1999 OK 51

**Floyd SIMPSON, Plaintiff–Appellant,**

v.

**FARMERS INSURANCE COMPANY, INC., Defendant–Appellee.**

**No. 89,093.**

Supreme Court of Oklahoma.

May 25, 1999.

---

Robert· M. Butler, Tulsa, Oklahoma, for Plaintiff–Appellant.

Ray H. Wilburn, Scott R. Taylor, Wilburn, Masterson & Smiling, Tulsa, Oklahoma, for Defendant–Appellee.

WATT, Justice.

¶ 1 The facts of this matter are undisputed and its resolution turns on the law. Plaintiff Floyd Simpson had four automobile liability policies of insurance with defendant Farmers Insurance Company, Inc. Each poli-

cy covered a car owned by Simpson. All of the policies provided medical expense coverage in identical language, although three of the policies had liability limits of $5,000.00 each, while the fourth contained a $2,000.00 limit of liability. Simpson was involved in an accident and sustained medical expenses in an amount exceeding $17,000.00, which was the aggregate amount of the medical expense coverage in all four policies.

¶2 Simpson demanded payment of the entire $17,000.00 but Farmers paid Simpson only $5,000.00 based on the following language contained in "Coverage E—Medical Expense Coverage" of each policy:

**Limit of Liability**

Regardless of the number of vehicles insured, insured persons, claims or policies, or vehicles involved in the **accident,** we will pay no more for medical expenses, including funeral expenses, than the limit of liability shown for this coverage in the Declarations for each person injured in any one **accident.** . . .

**Other Insurance**

. . .

If any applicable insurance other than this policy is issued to you by us or any other member company of the Farmers Insurance Group of companies, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

After Farmers denied his claim, Simpson sued Farmers for payment of the balance, $12,000.00, of the $17,000.00 aggregate amount of medical expense coverages in all four policies.

¶3 Both Farmers and Simpson sought summary judgment and the trial court granted Farmers' motion for summary judgment and denied Simpson's motion for summary judgment. The Court of Civil Appeals affirmed with one judge dissenting. This appeal was taken under the accelerated procedure for summary judgments set out in Rule 1.36, Supreme Court Rules. Neither we nor the Court of Civil Appeals ordered that appellate briefs be filed. Consequently, in accordance with Rule 1.36(g), which prohibits appellate briefs unless expressly ordered by the appellate court, the trial court and the Court of Civil Appeals considered the same briefs, those filed in the trial court.

¶4 In holding for Farmers, both the trial court and the Court of Civil Appeals majority relied on our opinion in *Frank v. Allstate Insurance Co.,* 1986 OK 42, 727 P.2d 577. There we held: (1) public policy does not require this Court to ignore language in the insurance contract that limits the payment of medical expense coverage to the amount payable to each person under the policy, (2) the additional premiums paid for additional medical expense coverage on other automobiles were "for an additional and separate risk of loss which did not occur," and (3) the terms of the policy "clearly and unambiguously preclude the stacking of medical payment coverage."

¶5 Both in his trial court briefs and in his petition for certiorari, Simpson claimed that this is not a stacking case because Simpson had a separate policy for each of his cars rather that a single policy covering multiple cars. We are puzzled by this argument, as we have consistently applied the term "stacking" to both multiple policies, *Keel v. MFA Insurance Company,* 1976 OK 86, 553 P.2d 153, and single policies insuring multiple cars, *Richardson v. Allstate Insurance Company,* 1980 OK 157, 619 P.2d 594. In *Richardson,* the insurance company argued that its insured was not entitled to stack the uninsured motorist coverages under a single policy because *Keel* had involved multiple policies. We rejected the insurance company's argument and held,

It would be anomalous to allow "stacking" where an insured has been issued separate policies containing uninsured motorist insurance as in *Keel,* supra, and not allow "stacking" if more than one vehicle is insured in the same policy even though multiple premiums have been paid.

*Richardson,* 1980 OK 157 at ¶13, 619 P.2d 594. Based on our analysis of *Keel* and *Richardson* we hold, contrary to Simpson's contention, that the issue here is whether Simpson is entitled to "stack" the medical expense coverages in his four automobile policies; we hold that he may not do so. Conse-

quently, *Frank* applies to this appeal and the unambiguous language in Simpson's policies prohibit him from stacking their medical expense coverages.

¶ 6 The dissent in the Court of Civil Appeals predicted that this Court would overrule its opinion in *Frank* and would allow Simpson to stack the medical expense coverage in his four automobile policies in light of our more recent holding in *Max True Plastering Company v. United States Fidelity & Guaranty Co.,* 1996 OK 28, 912 P.2d 861. Simpson adopted the dissent's position on certiorari. In *Max True Plastering,* we approved the use of the "reasonable expectations" doctrine in interpreting insurance contracts. We granted certiorari here because whether we should overrule *Frank* because of *Max True Plastering* is a question of first impression. We hold that nothing in our adoption of the rule of reasonable expectations as delineated in *Max True Plastering* created any reason to overrule *Frank.*

¶ 7 In *Max True Plastering* we adopted the doctrine of reasonable expectations but limited its application "to situations in which the policy contains an ambiguity or to contracts containing unexpected exclusions arising from technical or obscure language or which are hidden in policy provisions." *Max True Plastering,* 1996 OK 28 at ¶ 17, 912 P.2d 861.

¶ 8 Further, we observed in *Max True Plastering,* "If the doctrine is not put in proper perspective, insureds could develop a 'reasonable expectation' that every loss will be covered by their policy and courts would find themselves engaging in wholesale rewriting of insurance policies." *Max True Plastering,* 1996 OK 28 at ¶ 18, 912 P.2d 861.

¶ 9 Finally, we declared that despite our adoption of the reasonable expectations doctrine, "the provisions of insurance policies which are clearly and definitely set forth in appropriate language and upon which the calculations of the company are based, should be maintained unimpaired by loose and ill-considered judicial interpretation." *Max True Plastering,* 1996 OK 28 at ¶ 24, 912 P.2d 861.

¶ 10 Simpson makes no claim that the insurance contracts at issue are ambiguous. Indeed, the provisions relied on by Farmers are clear and unambiguous. Simpson argues, however, that he paid four premiums for medical expense coverage but received the benefit of only one of those coverages. This argument ignores our rejection, nearly thirteen years ago, of the same argument in *Frank,* 1986 OK 42 at ¶ 5, 727 P.2d 577, where we held:

> While the insured did pay an additional premium for the medical payment coverage for his other vehicle, that premium was for an additional and separate risk of loss which did not occur. Allstate would have become contractually liable for the extra coverage only if the insured's second vehicle had been involved in an accident. Hence, we conclude that, under the facts of this case, the policy terms in question clearly and unambiguously preclude the stacking of medical payment coverage.

Simpson, therefore, did not pay for coverage he did not receive. Instead the additional premiums were "for an additional and separate risk of loss which did not occur." *Frank,* 1986 OK 42 at ¶ 5, 727 P.2d 577.

¶ 11 The Court of Civil Appeals dissenting opinion would have found that the "Other Insurance" provisions in Simpson's policies are hidden because they are masked by obscure language. To accept the dissent's conclusion would be to ignore *Frank.* In *Frank* we found that the policy exclusion limiting the medical expense coverage to the amount shown for a single accident, regardless of the number of automobiles insured under the policy, was unambiguous. The exclusion before us is no less clear than was the provision we examined in *Frank.*

¶ 12 We note that the exclusion to which Simpson objects is contained in the same section of the policy that created medical expense coverage. Thus, this case differs from *Conner v. Transamerica Ins. Co.,* 1972 OK 64, 496 P.2d 770. In *Max True Plastering,* we cited *Conner* as an example of a holding by this court in which we had given effect to the reasonable expectation of the insured. In *Conner* we held that a provision in one portion of a policy stating that "this

policy does not apply ... to any dishonest, fraudulent, criminal or malicious act or omission of any insured," would not insulate the insurance company from providing the insureds a defense where the insuring section of the contract expressly covered defending claims against the insureds, "even if any of the allegations of the suit are groundless, false or fraudulent."

¶ 13 *Conner* differs from the case at bar in an important respect. In *Conner* the issue was not whether the insured's reasonable expectations would make the insurer responsible for an insured loss. Instead the only issue was whether the insurer was obliged to furnish a defense to the insureds under a legal malpractice insurance policy. The issue of the insurer's liability to pay a loss based on the insured's reasonable expectations never arose in *Conner* because the insureds prevailed in the malpractice litigation against them. We held there only that the "reasonable expectations" of the insureds would have reasonably lead them to believe that the insurer would provide a defense not that those reasonable expectations required the insurer to pay a loss.

¶ 14 Unlike *Conner*, there is no discrepancy in the case at bar between the insuring agreement and the exclusion: here the medical expense coverage section, Coverage E, provides that only the amount stated, $5,000.00 or $2,000.00, will be paid for medical expenses incurred by one insured in one accident. We hold, therefore, that the exclusionary language in Simpson's policies is neither ambiguous, hidden, nor masked by technical or obscure language. Thus, the reasonable expectations doctrine is not available to Simpson.

■ ¶ 14 This Court has allowed stacking of coverages only in the realm of uninsured motorist coverages and then only because public policy required stacking as a result of 36 O.S. Supp.1994 § 3636 and it predecessors. *Keel*, 1976 OK 86 at ¶ 7, 553 P.2d 153. We expressly rejected the notion that public policy required the stacking of medical expense coverages in *Frank* because § 3636 requires only that UM coverages be offered. There is no statutory requirement that medical expense coverages be offered.

Thus, "There exist no statutory or other public-policy requirements which would provide a basis for either invalidating or modifying the medical payment provisions of the insurance policy here in contest." *Frank*, 1986 OK 42 ¶ 6, 727 P.2d 577. We also pointed out there that most jurisdictions have refused to allow stacking of medical expense coverages. *Frank*, 1986 OK 42 ¶ 9, 727 P.2d 577.

¶ 16 In order to provide the relief Simpson seeks here we would have to rewrite clear and unambiguous policy provisions, which are neither excessively technical nor hidden. Such a result would require us to indulge in the sort of "loose and ill-considered judicial interpretation," which we criticized in *Max True Plastering*, 1996 OK 28 at ¶ 24, 912 P.2d 861. We decline to do so.

**COURT OF CIVIL APPEALS' OPINION VACATED, TRIAL COURT'S JUDGMENT AFFIRMED.**

¶ 17 SUMMERS, C.J., HARGRAVE, V.C.J., LAVENDER, SIMMS, and OPALA, JJ.—concur.

¶ 18 KAUGER, J.—concurs by stare decisis.

¶ 19 HODGES and ALMA WILSON, JJ.—dissent.

ALMA WILSON, J., dissenting:

¶ 1 Today, this Court gives its imprimatur to the practice of selling multiple medical expense coverages for multiple premiums without advising the purchaser that the coverage is limited to a single policy. The policy's terms of limitation are ambiguous and this deceptive practice violates the spirit of 36 O.S.1991, § 6092. Accordingly, I respectfully dissent.

¶ 2 Floyd Simpson had four separate automobile insurance policies issued by Farmers Insurance Company, Inc. Each policy provided coverage for Simpson's medical expenses in the event he was injured "while occupying or by being struck by a motor vehicle." Simpson paid a separate premium for the medical expense coverage in each policy. Three of the policies provided a limit

of $5,000 for such medical expenses and one policy provided a $2,000 limit or an aggregate of $17,000. In July, 1994, Simpson was injured in an automobile accident involving one of his four automobiles. Simpson's medical expenses were in excess of $14,000. Farmers paid Simpson $5,000 for his medical expenses. Simpson filed suit against Farmers to recover $9,292.33 for the remaining medical expenses incurred as a result of the accident.

¶ 3 Farmers moved for summary judgment on the undisputed facts that the **Other Insurance** provisions in Simpson's policy limited him to medical expense coverage under the policy with the highest limits and that Simpson has been paid $5,000.00, the highest limit of medical expense coverage in a single policy. Farmer's relied on the authority of *Frank v. Allstate Insurance Co.*, 1986 OK 42, 727 P.2d 577, for the proposition that medical expense coverage may not be stacked. Simpson responded that his claim is not based on a theory of stacking, rather he seeks to enforce four separate insurance contracts for which he paid four separate premiums. Simpson relied on the authority of *Aetna Casualty and Surety v. State Board for Property and Casualty Rates*, 1981 OK 153, 637 P.2d 1251, for the proposition that the deceptive practice of selling multiple coverage and collecting multiple premiums and then limiting the coverage to a single policy with the highest liability limit violates public policy.

¶ 4 The summary judgment court decided the issue of "whether Defendant may rely on the limitation contained within the 'Other Insurance' limitation in the policies and *Frank v. Allstate Ins. Co.* 727 P.2d 577 (Okla. 1986) in capping the limits of medical payment to 'the limits provided by the single policy with the highest limits of liability.'" The summary judgment order summarily reiterates Simpson's arguments that the **Other Insurance** provisions are unclear and/or violative of public policy, but makes no specific ruling on them except in determining that the "holding of *Frank v. Allstate* is not defeated by the distinctions presented in the case at bar." The summary judgment in favor of Farmers was affirmed by the Court of Civil Appeals.

¶ 5 The majority opinion affirms the ruling that *Frank v. Allstate Insurance Co.* applies herein and specifically holds that the unambiguous language in Simpson's policies prohibits him from stacking the medical expense coverages. I agree with Simpson that *Frank v. Allstate Insurance Co.* is not the dispositive. I also agree with Simpson that this is a contract interpretation case and that the vague language in the **Other Insurance** provision, which Farmers reads as limiting the aggregate coverage of all medical expense insurance issued by Farmers to the highest limit of liability provided by a single policy, is ambiguous.

¶ 6 Simpson argued that a reading of the medical expense insurance provisions as a whole renders the **Other Insurance** provisions ambiguous. This argument requires us to review the terms of the medical expense coverage. The insuring provision provides:

We will pay **reasonable expenses** for **necessary medical services** furnished within two years from the date of the **accident** because of **bodily injury** sustained by an **insured person**.

An **Insured person** is defined as:

1. You or any **family member** while **occupying. or through being struck by. a** motor vehicle or trailer, designed for use on public roads. 2. Any other person while **occupying your insured car** while the car is being used by you, a **family member** or another person if that person has sufficient reason to believe that the use is with permission of the owner."

(Underlining added.)

The **Exclusions** provide:

This coverage does not apply for any **bodily injury** to any person: 4. Sustained while **occupying** or when struck by any vehicle (other than **your insured car**) which is owned by or furnished or available for the regular use of you or any **family member**.

(Underlining added.)

**Your insured car** is defined as:

Any additional **private passenger car** or **utility car** you acquire during the policy period, but the additional car is **your in-**

sured car only during the first 30 days you own it. <u>You must insure all **private passenger cars** and **utility cars** you own with a member company of the Farmers Insurance Group of Companies for an additional car to be **your insured car.**</u> At the end of the 30 day period, any such additional car is no longer **your insured car.**

(Underlining added.)

¶ 7 The insuring language for the named insured and family members broadly includes bodily injury while occupying any automobile or when struck by **any** automobile; and it is not susceptible to an interpretation that the coverage for Simpson is tied to the insured automobile involved in the accident. This is particularly so under the definition of **Your insured car**, which includes all automobiles owned by Simpson and insured by Farmers, and the **Exclusion** which eliminates coverage when Simpson is occupying or struck by an owned automobile that is not insured by Farmers. Accordingly, the medical expense insurance provisions are not subject to an interpretation that injuries involving other owned automobiles insured by Farmers are outside the coverage as separate risks of loss.[1] In this respect, *Frank v. Allstate Insurance Co.*, 1986 OK 42, 727 P.2d 577 is not dispositive.

¶ 8 The provisions at issue are contained in a subsequent section entitled **Other Insurance**, which read:

If there is other applicable automobile medical insurance on any policy that applies to a loss covered by this part, we will pay only our share. Our share is the portion that our limit of liability bears to the total of all applicable limits.

Any insurance which we provide to any **insured person** for a substitute or non-owned motor vehicle or trailer, shall be excess over any other collectible insurance vehicle Medical Payments insurance.

If any applicable insurance other than this policy is issued to you by us or any member company of the Farmers Insurance Group of Companies, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

¶ 9 The first two provisions above expressly concern multiple medical expense coverages. The first allows the liability to be apportioned among the multiple coverages on a pro-rata basis and the second declares the medical expense coverage to be excess coverage where Simpson's injuries occur while he occupies or is struck by a non-owned or a substitute vehicle. The third provision does not expressly relate to medical expense insurance, rather it relates to any other applicable insurance and purports to limit the total liability of Farmers-issued insurance **other than this policy** to the highest limits provided by a single policy. That is, it is not a limitation on the medical expense coverage of the policy containing the limitation; it is a limitation on other Farmers-issued policies. It appears to be an attempt to limit the preceding pro-rata and excess provisions to an aggregate liability of Farmers equal to the highest limit of a single other insurance policy, and if so, it is inconsistent with the insuring provisions, the definitions, and the exclusions. Although the language is vague, its intent is unavoidable. It is the linchpin of Farmers' unscrupulous practice of collecting multiple premiums for multiple medical expense coverages from the owner of multiple automobiles and then eliminating all but a single coverage. Nevertheless, this language does not plainly eliminate all other medical expense insurance nor does it plainly limit Simpson's recovery to the $5,000 limit of medical expense coverage under the policy insuring the automobile involved in the accident, as the majority opinion holds. It is susceptible to a reading that it limits, as the section title suggests, **other** Farmers-issued insurance, so that Simpson would be entitled to a total of $10,000—$5,000 under the policy insuring the automobile involved in the accident and $5,000 under the highest limit pro-

---

1. The majority opinion concludes that Simpson paid all but a single premium for medical expense coverage " 'for additional and separate risk of loss which did not occur.' *Frank*, 1986 OK 42 at ¶ 5, 727 P.2d 577." The holding of

*Frank v. Allstate Insurance Co.* is expressly limited to the facts, i.e., the policy provisions, involved in that case, which the district court recognized were different from the policy provisions at issue herein.

vided by other applicable Farmers-issued insurance.

¶ 10 Were I writing for the Court, I would find that the "highest limits of a single policy" language is subject to more than one interpretation, and therefore ambiguous.[2] I would construe the language within the context of the pro-rata and excess clauses.[3] Consequently, I would interpret the medical expense coverage in Simpson's policies purchased with liability insurance on his three automobiles not involved in the accident to be excess coverage under which Farmers is liable on a pro-rata basis for Simpson's medical expenses which exceed the $5,000 medical expense coverage purchased with the liability insurance on the automobile involved in the accident.[4]

¶ 11 Such an interpretation is consistent with our extant jurisprudence. In *Aetna Casualty and Surety Company v. State Board for Property and Casualty Rates*, 1981 OK 153, 637 P.2d 1251, 1257, we said that enactment of § 6092 of Title 36 of the Oklahoma Statutes [5] indicates that medical payment coverage be afforded special treatment and that provisions allowing subrogation or setoff are ambiguous and deceptive in that they purport to offer coverage for medical expenses when in fact the coverage is reduced or eliminated by the conditions in the policy. The "highest limits of a single policy" language in the **Other Insurance** provisions of Simpson's medical expense coverage effectively operates as a setoff against any other medical expense coverage in an equal or lesser amount, contrary to the spirit of § 6092.

¶ 12 On the other hand, *Aetna Casualty and Surety Company v. State Board for Property and Casualty Rates*, concluded that § 6092 does not prohibit an excess clause as to other available medical expense coverages so long as the excess clause does not prevent the insured from recovering the actual amount of medical expense within the aggregate limits of the policies. And, *Starrett v. Oklahoma Farmers Union Mutual Insurance Company*, 1993 OK 30, 849 P.2d 397, determined that § 6092 did not prohibit an express exclusion from medical expense coverage in an automobile policy for workers' compensation medical payments and that the plain and unambiguous terms of the exclusion were enforceable. The "highest limits of a single policy" language in the **Other Insurance** provisions is not a plain and unambiguous exclusion and it prevents Simpson from recovering the actual amount of medical expense within the aggregate limits of his policies, contrary to the teachings of *Aetna* and *Starrett.*

¶ 13 Farmers intentionally sold Simpson four separate medical expense coverages for four separate premiums. The $5,000 payment made to Simpson does not satisfy Farmers' liability under the four policies, however, treating Simpson's other medical expense insurance as excess coverage liable on a pro-rata basis provides Simpson with the multiple coverage he paid for and requires Farmers to fulfill its responsibility under all of its policies. Accordingly, I

---

2. Whether an insurance policy is ambiguous is a matter of law for the court to decide; and a genuine ambiguity exists when provisions in an insurance policy are subject to more than one interpretation. *Dodson v. St. Paul Insurance Co.*, 1991 OK 24, 812 P.2d 372.

3. Insurance policies are contracts of adhesion which must be construed consistent with the object sought to be accomplished so as to give reasonable effect to all provisions. *Dodson v. St. Paul Insurance Co.*, supra.

4. When an insurance contract provision is ambiguous, words of inclusion will be liberally construed in favor of insured and words of exclusion will be strictly construed against insurer. *Phillips v. Estate of Greenfield*, 1993 OK 110, 859 P.2d 1101.

5. 36 O.S.1991, § 6092 provides:

No provision in an automobile liability policy or endorsement for such coverage effective in this state issued by an insurer on and after the effective date of this act which grants the insurer the right of subrogation for payment of benefits under the expenses for the medical services coverage portion of the policy, to a named insured under the policy, or to any relative of the named insured who is a member of the named insured's household shall be valid and enforceable; provided that such policy or endorsement may provide for said insurer's rights of subrogation and setoff upon such payments to any person who is not a named insured under the policy or a relative of the named insured who is a member of the named insured's household.

would not adopt Farmers' reading of the vague exculpatory terms of the "highest limits of a single policy" clause in Simpson's four policies.