ELLIS, Judge.
Plaintiff is the insured under a Blue Cross Hospitalization policy issued by defendant. He was injured in an accident which occurred in the course and scope of his employment, and his medical expenses were paid by his employer’s workmen’s compensation insurer. Subsequently, he also recovered in tort from the person who caused his injury. The amount recovered included his medical expenses. The workmen’s compensation insurer was reimbursed out of the amount recovered in tort for all compensation payments and medical expenses borne by it.
This suit was brought to recover hospitalization benefits allegedly due under the policy. From an adverse judgment, plaintiff has appealed.
The policy sued on contains the following exclusionary clause:
“No services or benefits shall be provided for:
“(a) Cases covered, in whole or in part, by workmen’s compensation, occupational disease, or disability benefits laws.”
*495 Plaintiff claims, however, that since the compensation insurer was reimbursed for all amounts paid by it, he was not compensated for his injury by workmen’s compensation insurance, and therefore not covered by the workmen’s compensation law.
We cannot agree with plaintiff’s position. The fact that his compensation insurer may have been reimbursed out of his tort recovery does not change the fact that he was subject to the provisions of the law, and received benefits pursuant thereto. He was, therefore, covered by the law, and the above exclusionary provisions apply.
We recognize the principle that ambiguities must be construed against the writer of a contract. We do not see any ambiguity in the above quoted provision.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.