468 So.2d 762 (1985)
Erroll PINELL
v.
PATTERSON SERVICES, INC. and Pan American Life Insurance Company.
No. 84-CA-0128.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
Writ Granted June 7, 1985.
Joseph J. Weigand, Jr., Houma, for plaintiff and appelleeErroll Pinell.
Darryl J. Foster, New Orleans, for defendant and appellantPan American Life Ins. Co.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
*763 EDWARDS, Judge.
Plaintiff, Erroll Pinell, is insured under a group accident and sickness policy issued by Pan American Life Insurance Company (Pan Am), the defendant,[1] to Patterson Services, Inc., (Patterson) the policyholder and Pinell's employer. The policy provides weekly accident and sickness benefits at 60% of the employee's basic weekly income, up to a maximum of $200 per week, for a total of 52 weeks. The policy also provides for an integration of policy benefits with any recoverable workers' compensation benefits up to the maximum amount allowed under the policy, or $200. If worker's compensation benefits are less than $200 per week, the policy makes up the difference. If workers' compensation benefits exceed $200 per week, then no benefits are recoverable under the policy.
Pinell was injured on a drilling rig while at work on June 4, 1977. Patterson paid him benefits under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA) from June 4, 1977, to October 1, 1978, and from June 1, 1979 to March 1, 1981,[2] at a weekly rate of $282.29. Because the benefits exceeded $200 per week, Pinell was entitled to and received no benefits under the group accident policy.
On March 1, 1981, Pinell settled a tort suit against Mallard Drilling Company, the owner of the rig, and other alleged tortfeasors for $210,000. Out of this amount, Patterson was reimbursed the amount it had paid Pinell in LHWCA benefits and given a credit for any future LHWCA liability up to the amount of the remainder of the settlement.
Pinell then sued Patterson and Pan Am on February 9, 1983, for benefits allegedly due under the policy. The case was tried on a stipulation of facts and judgment rendered for plaintiff in the amount of $7,800. From this judgment, Pan Am appeals.
Plaintiff theorizes that because Patterson was reimbursed out of the settlement, he received no workers' compensation benefits and is therefore now entitled to recover under the policy.
A similar argument was made and rejected in Walker v. Louisiana Hospital Service, Inc., 224 So.2d 494, 495 (La.App. 1st Cir.1969). This court said,
The fact that [plaintiff's] compensation insurer may have been reimbursed out of his tort recovery does not change the fact that he was subject to the provisions of the law, and received benefits pursuant thereto. He was, therefore, covered by the law, and the ... exclusionary provisions [of the policy] apply.
The policy at issue in Walker excluded payment of benefits for any injury covered by workers' compensation laws. The trial court distinguished Walker because the policy in this case "integrated" payments up to the maximum allowed under the policy:
In this case, the policy did not contain the same exclusionary clause. To the contrary, the policy contains a provision requiring the benefits to be integrated with workmen's compensation. In other words, if plaintiff would have received compensation benefits in an amount less than the maximum allowed under the defendant's policy, the plaintiff would be entitled to receive benefits under both workmen's compensation and this policy. Therefore, the court does not consider the Walker case to be applicable in this case.
There is no question that plaintiff received weekly compensation benefits in an amount in excess of the maximum benefits payable under the defendant's policy. There is also no question that the compensation paid was reimbursed by the plaintiff out of the proceeds of the settlement of his tort suit.

*764 The court is of the opinion that the language of the policy "integrating benefits with workers' compensation" require [sic] payment of benefits when the workers' compensation payments have been reimbursed out of the tort settlement.
We disagree. There is no alleged ambiguity in the policy in this case. Both parties agree that the policy integrates payments with workers' compensation benefits up to $200 but excludes payments when compensation benefits exceed $200.[3] The integration of benefits up to $200 does not invalidate the policy's exclusion of benefits above $200. Because Pinell received LHWCA benefits in excess of the maximum allowed under the policy, he is not entitled to a recovery of the policy benefits. Under Walker, the exclusion applies and Patterson's reimbursement is irrelevant.
In light of the foregoing, we pretermit discussion of Pan Am's defense of prescription.
The judgment of the trial court is reversed and plaintiff's suit is dismissed. Plaintiff is taxed for all costs of these proceedings, both trial and appellate.
REVERSED AND RENDERED.
SHORTESS, J., concurs with reasons.
SHORTESS, Judge, concurring.
I respectfully concur. I agree with the result because plaintiff's petition judicially admits the policy provisions in question, thereby removing ambiguity as an issue.
NOTES
[1] Patterson Services, Inc., was dismissed as a defendant from this suit before trial by motion of the plaintiff.
[2] Patterson discontinued benefits on October 1, 1978, when Pinell returned to work, but reinstated them on June 1, 1979, at the previous rate when Pinell was again declared disabled because of continued pain.
[3] The policy provides for an integration of benefits up to a maximum of $200 in its "Schedule of Insurance," but otherwise excludes payment for injuries subject to workers' compensation in the following "General Limitations" clause: "Unless otherwise specified in this policy no benefits shall be payable for or on account of: (1) any bodily injury or sickness for which the person on whom claim is presented has or had a right to compensation under any Workers' Compensation or occupational disease law...."