491 So.2d 637 (1986)
Erroll PINELL
v.
PATTERSON SERVICES, INC. and Pan-American Life Insurance Company.
No. 85-C-0954.
Supreme Court of Louisiana.
June 23, 1986.
*638 Joseph Weigand, Jr., Wiegand, Weigand & Meyer, for plaintiff-applicant.
Darryl Foster, Lemle, Kelleher, et al, for defendant-respondent.
COLE, Justice.
Pan American Life Insurance Company (PALIC) issued a group accident and sickness policy to Patterson Services, Inc. for the benefit of Patterson's employees. The Schedule of Insurance provides the following benefits:
EMPLOYEE MAXIMUM BENEFITS:
Occupational and Nonoccupational
Accident
and SicknessWeekly
Benefit.............................60% of Basic
 Payable 1st day of Weekly Income
 accident. to maximum of
 8th day of sickness. $200 per week.
 Maximum 52 weeks.
Twenty-four hour Accident and Sickness Weekly benefit
is to be Integrated with Workmen's Compensation.[1]
Accident and Sickness Weekly Benefit reduces one-half
after 26 weeks of Benefits have paid.
Furthermore, the General Limitations Clause provides:
Unless otherwise specified in the Policy no benefits shall be payable for or on account of: (1) any bodily injury or sickness for which the person on whom claim is presented has or had a right to compensation under any Workmen's Compensation or occupational disease law, or; (2) any bodily injury or sickness which arises from or is sustained in the course of any occupation or employment for compensation, profit or gain....
Erroll Pinell, an employee of Patterson, was injured on June 4, 1977 during the course and scope of his employment while on a Mallard Drilling Company rig located in navigable waters. He filed for benefits under both the PALIC policy and the Longshoreman's and Harbor Workers' Compensation Act (LHWCA). 33 U.S.C.A. 901 et seq. (West 1986). As a result, Pinell received LHWCA benefits from Patterson of $282 per week. Pinell received those benefits from June 4, 1977 until October 1, 1978, and again from June 1, 1979 until March 1, 1981. The payment of LHWCA benefits terminated when Pinell settled a tort suit against CRC Mallard, Inc. and *639 Texas Gas Transmission Corporation for $210,000. From this settlement Patterson received $39,500 as reimbursement for the benefits paid to Pinell and was given a credit against any future LHWCA benefits for which it might be liable, up to the entire amount of the settlement. 33 U.S.C.A. § 933(c)(1) (West 1986).
During the period of time Pinell was receiving compensation benefits, PALIC did not pay benefits under the group accident and sickness policy. Pinell concedes in his petition he was not entitled to benefits during that period of time, because his compensation payments exceeded $200 per week. In other words, benefits are payable under the Integration Clause of the policy only when the weekly compensation benefits are less than $200 per week. In that event the amount of the weekly benefits under the PALIC policy is the difference between the weekly compensation benefits and $200.[2]
After Patterson was reimbursed the benefits which it had paid to Pinell, it was alleged by Pinell he was entitled to maximum benefits under the PALIC policy since the reimbursement had negated all compensation which he received. PALIC refused to pay any benefits arguing the General Limitations Clause excluded coverage. After trial on the merits, the trial court rendered judgment in favor of the plaintiff for $7,800, the maximum amount recoverable under the policy. The First Circuit reversed concluding the reimbursement did not establish a right to benefits. Pinell v. Patterson Services, Inc., 468 So.2d 762 (La. App. 1st Cir.1985). We affirm.
Only one issue is presented by this case: Does the General Limitations Clause operate to bar the plaintiff's claim for benefits under the policy issued by Pan American Life Insurance Company?
What is the nature of the Integration Clause?
As discussed earlier, the General Limitations Clause precludes the recovery of accident and sickness weekly benefits when any amount of workmen's compensation is available "unless otherwise specified in the policy." The plaintiff argues that since the Integration Clause allows the recovery of PALIC benefits when compensation benefits are less than $200 per week, the "unless otherwise specified" phrase of the General Limitations Clause precludes its applicability. That argument lacks merit.
In order to determine the intention of the parties when they amended the insurance contract to include the Integration Clause, we must look to the standard provisions of the policy. When an amendment has been made to the provisions of a standard policy, the substance of the amendment is evidence of the intention of the contractual parties. In construing the provisions of the policy, we must take into account the possible reasons for making the amendment. The terms and provisions of the policy, including any amendments thereto, must be construed together in order to ascertain the true intent of the parties when the policy was issued. Benton Casing Service, Inc. v. Avemco Ins. Co., 379 So.2d 225 (La.1979); Martin v. Phillips, 356 So.2d 1016 (La.App. 1st Cir.1977).
The General Limitations Clause provides in essence that unless otherwise specified in the policy no benefits shall be payable when the claimant has or had a right to compensation under any Workmen's Compensation law; or when the bodily injury or sickness is sustained in the course of any occupation or employment for compensation. Under this provision, disability benefits are never available as long as the injured employee "has or had a right to workmen's compensation," regardless of the amount the employee is eligible to receive. In fact, it appears benefits are never available under the General Limitations Clause when the employee is injured during the course and scope of his employment. *640 This was apparently unacceptable to Patterson Services, Inc. As a result, the Integration Clause was incorporated into the policy for the purpose of using the PALIC policy as a supplement to worker's compensation in order to insure a minimum weekly income of $200 per week to its employees in the event of an accident or sickness resulting in disability.
Although the Integration Clause appears in the Schedule of Benefits, it is actually an amendment to the all or nothing provision found in the General Limitations Clause. The Integration Clause amends the General Limitations Clause to operate as a partial bar to benefits when the injured employee receives less than $200 per week in compensation benefits. However, when the compensation benefits exceed $200 per week, as they did in this case, the General Limitations Clause remains an absolute bar to benefits under the PALIC policy.
Does the reimbursement to the compensation carrier entitle Pinell to recover benefits under the PALIC policy?
Having determined that the General Limitations Clause is applicable when one "has or had a right to compensation" exceeding $200 per week, we must now evaluate the impact of the reimbursement to Patterson of compensation benefits upon the applicability of the exclusionary clause. The fact that the employer was reimbursed out of Pinell's tort recovery does not change the fact that Pinell "had a right to compensation." Walker v. Louisiana Hospital Service, Inc., 224 So.2d 494 (La.App. 1st Cir.1969). The exclusionary clause does not preclude benefits under the policy only in the event workmen's compensation was actually paid to the insured and retained by him. The clause operates as an exclusion when one "had a right to compensation," as opposed to when one received compensation. It is undisputed Pinell had a right to compensation at all times. That right existed notwithstanding the fact Pinell was injured through the fault of a third party. The fact that the employer was reimbursed the compensation benefits which he paid is a consequence of Pinell having a right to compensation. 33 U.S. C.A. § 933 (West 1986).
Our decision is supported by the majority of cases from other jurisdictions involving similar facts and exclusionary language. Those decisions have given effect to exclusionary clauses denying insurance coverage when the workman has recovered in a third-party action and has been compelled to reimburse his employer the compensation benefits which had been paid. Milliron v. United Benefit Life Ins. Co., 18 Wash.App. 68, 566 P.2d 582 (1977); Wise v. American Cas. Co., 117 Ga.App. 575, 161 S.E.2d 393 (1968); Cochran v. Mississippi Hosp. and Med. Serv., 254 Miss. 739, 182 So.2d 597 (1966); Cash v. American Health Ins. Corp., 203 Va. 719, 127 S.E.2d 119 (1962); Moeller v. Associated Hosp. Serv., 304 N.Y. 73, 106 N.E.2d 16 (1952). The reasoning in these cases is sound and should be applied giving effect to the exclusionary clause in the instant case.
For these reasons we affirm.
AFFIRMED.
CALOGERO, J., dissents and assigns reasons.
DENNIS, J., dissents with reasons.
WATSON, J., dissents, adhering to reasons assigned in original opinion.
CALOGERO, Justice, dissenting.
The majority opinion rests on the General Limitations Clause which provides in the printed part of the policy:
Unless otherwise specified in the policy no benefits shall be payable for or on account of: (1) any bodily injury or sickness for which the person on whom the claim is presented has or had any right to compensation under any Workmen's Compensation or occupational disease law....
However, the policy "otherwise specifie[s]" in a typewritten (and thus more pertinent) portion that:
Twenty-four hour Accident and Sickness Weekly Benefit is to be Integrated with Workmen's Compensation.
*641 This integration provision, in my view, nullifies the General Limitations Clause (which completely bars accident and sickness weekly benefits if the claimant has or had any right to workmen's compensation benefits). And a fair construction of "integration" suggests that when no compensation has been borne by the insurer, (and that is the case here, at least retrospectively), the insured is entitled to the maximum benefits under the policy. Surely that is the preferred construction for an ambiguous provision such as this, where that provision was written by the insurer.
DENNIS, Justice, dissenting.
I respectfully dissent.
Reading the policy as a whole, it is unclear whether the contracting parties intended the limitation clause to apply when an employee has only a defeasible right to compensation. The ambiguity should be construed in favor of the employee.
NOTES
[1] This clause shall hereafter be referred to as the Integration Clause.
[2] The allegation of Pinell in his petition that he was not entitled to benefits if the compensation payments exceeded $200 per week, admitted by PALIC in its answer, is tantamount to agreement between the parties that they intended the weekly benefits to be integrated with Workmen's Compensation.