JiKLEES, Judge.
The issue presented in this appeal is whether the exclusionary language for medical payments in an insurance policy applies if the worker’s compensation carrier exercises its statutory right to subrogation.
FACTS:
On August 10, 1995, Alicia Bentley was injured while in the course and scope of her employment with the State of Louisiana, specifically the Medical Center of Louisiana. She was struck by a vehicle operated by John Luna and incurred more than $13,-760.00 in medical expenses.[1] Mr. Luna was insured by State Farm Insurance Company (“State Farm”) with a $10,000.00 policy limit, which State Farm tendered.
A complete compromise and settlement was reached between Ms. Bentley and the State of Louisiana on its subrogation claim for the medical payments. The State accepted $5,000.00 of State Farm’s $10,000.00 and relinquished any rights to further subrogation on the remaining medicals.[2]
Ms. Bentley asserted a claim against Allstate Insurance Company (“Allstate”) on her father’s automobile policy for underinsured motorist coverage and medical payments coverage.[3] Allstate paid the underinsured motorists claim, however, disputes entitlement to coverage under the medical payments clause.[4]
JalSSUE:
The legality of the medical payments exclusion is not before this court, rather we must determine the applicability of the exclusion under this factual situation.
The insurance agreement is a contract between the parties and will be interpreted using ordinary contract principles. Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96) 665 So.2d 1166, 1169. The parties’ intent is reflected through the words of the policy. Smith v. Matthews, 611 So.2d 1377 (La.1993).
The pertinent section of the Allstate Insurance policy reads:
III. Part II, Automobile Medical Payments (Coverage CC), is amended as follows:
A. The Insuring Agreement is replaced by the following:
Allstate will pay to or on behalf of an insured person all reasonable expenses actually incurred by an insured person for necessary medical treatment, services or products actually rendered to the insured person. Ambulance, hospital, medical, surgical, X-ray, dental, orthopedic and prosthetic devices, profes *259 sional nursing services, pharmaceuticals, eyeglasses, hearing aids, and funeral service expenses are covered.
Payment will only be made when the bodily injury is caused by an auto accident. Diagnosis of the bodily injury must be made within one year from the date of the accident, and the bodily injury must be reported to Allstate within three years from the date of the accident.
This coverage does not apply to any person to the extent that the treatment is covered under any workers compensation law. (Emphasis added.)
Exclusionary provisions are strictly construed against the insurer and “any ambiguity is construed in favor of the insured.” Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96) 665 So.2d 1166, 1169. Allstate contends the ^exclusion applies since the medical expenses were paid under the worker’s compensation program.
Ms. Bentley argues she is entitled to the $5,000.00 in medical payments because she is out of pocket $5,000.00 due to the State’s subrogation rights.[5]
In construing an insurance policy, we must take into account the possible reasons for the provision. Pinell v. Patterson Services, Inc., 491 So.2d 637, 639 (La.1986). This policy is clearly designed to avoid double recovery under worker’s compensation and a medical payments provision. However, in this matter the $5,000.00, to which Ms. Bentley claims she was entitled if there was no subrogation, went to cover her medical expenses paid by her worker’s compensation. She did not pay the bills directly, and could only recover after the worker’s compensation claim was satisfied. Here the medical bills exceeded $13,760.00 and the tortfeasor tendered $10,000.00. There is not enough money to satisfy the injured party’s and the subrogation claims.
In Pinell v. Patterson Services, Inc., supra, the plaintiff settled his claim for $210,-000.00 and the employer received $39,000.00 as reimbursement for the |4benefits paid out. The plaintiff then attempted to collect under a group policy which excluded coverage when any amount of worker’s compensation was available, claiming the employer’s reimbursement negated the .compensation payment. The Louisiana Supreme Court found the employer’s reimbursement did not negate the compensation paid and did not establish a right to benefits under another policy. To allow payment under the second policy would clearly defeat the purpose of the exclusionary clause and would essentially allow the plaintiff double recovery.
Allstate also argues that there is no proof the $5,000.00 received by the State for the worker’s compensation claim went to medicals instead of the wages. The appellant, however, fails to cite any authority requiring the plaintiff to have all settlement funds earmarked. Furthermore, the policy reads, “to the extent that the treatment is covered under any workers compensation law.” This $5,000.00 went to worker’s compensation and the medicals greatly exceeded that amount. We can not say that this money did not go towards the medical expenses in this case.
The burden is on Allstate to show that the exclusion applies. There is no evidence that the funds did not go toward medical expenses. There is no presumption that the *260 funds did not go towards medical expenses. Therefore, Allstate has failed to discharge its burden of proving the exclusion applies.
CONCLUSION:
Ms. Bentley’s case differs from the facts in Pinell. Due to the employer’s subrogation rights, Ms. Bentley did not receive $5,000.00 of the tortfeasor’s $10,000.00. The $5,000.00 went to worker’s compensation and to allow Ms. Bentley recovery under her medical payments provisions would not constitute double recovery.
JsAccordingly, the judgment denying Allstate’s summary judgment is affirmed.

AFFIRMED.

PLOTKIN, J., dissents with written reasons.

. The worker’s compensation claim consists of $13,760.09 in medical expenses and $5,224.35 for weekly benefits, totalling $18,984.44.

. Under La. R.S. 23:1103, the State of Louisiana’s right to subrogation for the claims actually paid takes precedence over Ms. Bentley's right to recover from State Farm.

. Ms. Bentley resided with her father, Mr. Sidney Bentley, at the time of this accident.

. There is $5,000.00 coverage per person for medical payments.

. La. R.S. 23:1103(A)(1) requires a compensation claim be paid before that of the injured party and reads:
(1) In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six percent per annum, and shall be satisfied by such payment. The employer's credit against its future compensation obligation shall be reduced by the amount of attorney fees and court costs paid by the employee in the third party suit.