_JiPLOTKIN, Judge,
dissenting.
I respectfully dissent from the majority decision affirming the trial court judgment granting the motion for summary judgment on behalf of plaintiff Alicia Bentley. I believe that this case is controlled by Pinell v. Patterson Services, Inc., 491 So.2d 637 (La.1986), in which the Louisiana Supreme Court decided almost the exact same question presented by this appeal in favor of the insurer and against the insured. Accordingly, I would reverse the judgment granting the motion for summary judgment in favor of Bentley and enter summary judgment in favor of Allstate Insurance Co.
Unquestionably, Bentley’s injuries were covered under workers’ compensation. Moreover, contrary to the majority’s conclusion, the Allstate policy exclusion at question unambiguously excludes medical coverage “to any person to the extent that the treatment is covered under any workers compensation law.” As the Supreme Court stated in Pinell, “the fact that the employer was reimbursed the compensation benefits which he paid” does not change the fact that the plaintiff’s injuries were covered by workers’ compensation benefits. 491 So.2d at 640.
Moreover, the majority’s attempt to distinguish this case from the Pinell case based on the fact that the plaintiff in this case is not being afforded double recovery is misplaced. Although Pinell does point to the fact that the plaintiff would have been allowed double recovery if the exclusion had not applied, it does not make double recovery a requirement for a finding that the exclusion applies. U The Pinell case is correctly based on pure contract interpretation, which requires that this court interpret insurance policies, like other contracts, according to the clear, unambiguous language of the policy. The majority’s interpretation nullifies important contract language without reason.
Additionally, the majority’s concern that Ms. Bentley would somehow be cheated of the $5,000 that went to her employer as a consequence of its subrogation rights if the policy exclusion was upheld is erroneous. The employer paid all of Ms. Bentley’s medical expenses; none were paid by Ms. Bentley herself. In fact the employer paid far more medical expenses than the $5,000 it received in the settlement of its subrogation claim. Since Ms. Bentley did not pay the . medical expenses in the first place, she cannot be considered to have “lost” her recovery of the medical, expenses. The $5,000 did not come out of Ms. Bentley’s pocket.
Nevertheless, even if Ms. Bentley could somehow be considered to have “lost” $5,000 on her employer’s subrogation claim, the policy exclusion is clear. It should be applied as written.